**FILED**

**FEBRUARY 22, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

2075 sbk.avs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**08 C 1102**

| | | |
|---|---|---|
| RICKY BROOMFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| MARK BULA, MARK GIERINGER, and | ) | |
| MARK J. WAGNER, | ) | |
| | ) | |
| Defendants. | ) | |

**JUDGE DOW**
**MAGISTRATE JUDGE ASHMAN**

### NOTICE OF REMOVAL

Now comes the Defendants, MARK J. WAGNER, MARK BULA and MARK GIERINGER, by and through their attorneys, HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC, pursuant to 28 U.S.C. Section 1441, *et seq*., and LR 81.2 hereby removes this action from the Circuit Court of Cook County to this Court and in support of its Notice of Removal, states as follows:

1.    On January 18, 2008, Plaintiff filed its First Amended Complaint at Law in the Circuit Court of Cook County, County Department, Law Division, Docket No. 2008 L 000615. A copy of said Complaint is attached hereto as Exhibit "A."

2.    The accident giving rise to the lawsuit took place on January 23, 2006, on or near Interstate 294 in the City of Chicago, County of Cook, State of Illinois. See Police Report, Exhibit "B."

3.    The Plaintiff is a citizen of and domiciled within the State of Illinois according to the information contained within the police report, see Exhibit "B." The Defendants verified through an investigator that Plaintiff is at the time of this Removal domiciled within the State of Illinois. See Affidavit of Investigator, Exhibit "C."

4.     The Defendants are citizens of and domiciled within the State of Wisconsin. They are not citizens of or domiciled within the State of Illinois. See Affidavit of Defendant MARK Geiringer, Exhibit "D" and Mark Bula, Exhibit "E." Mark Wagner is also a citizen of and domiciled within the State of Wisconsin, see Exhibit "F."

5.     All Defendants join in this Notice of Removal.

6.     Defendants have timely removed this matter to Federal Court. Defendants Bula and Geiringer were served with notice of process on January 24, 2007.

7.     In filing the Plaintiff's Complaint, there is no requirement in the State of Illinois, Circuit Court, in the Law Division of Cook County, that a plaintiff must allege damages less than, equal to, or greater than $75,000.00. Illinois Procedural Law prohibits a Plaintiff in an action premised on personal injury to plead a specific *ad damnum* value, except to the extent necessary to comply with rules pertaining to case assignment. 735 ILCS 5/2-604 (West 1998). This specific procedural rule frustrates the Defendant's ability to determine the amount in controversy solely from the face of a Complaint. *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427-28 (7th Cir. 1997).

8.     All that is required for a removal is a "reasonable probability" that more than $75,000.00 is in controversy. *Shaw v. Dow Brands*, 994 F.2d 364, 366 n2 (7th Cir. 1993); *John R. Rising-Moore v. Red Roof Inn, Inc.*, 368 F.Supp. 2d 867 (S.D. Ind. 2005). The nature of the claim alleged in the Complaint usually makes it simple for a Judge to determine whether it is more likely true than not that the amount in controversy exceeds the jurisdictional requirement. *See*, e.g., *McCoy v. General Motors Corp.*, 226 F.Supp.2d 939, 941-42 (N.D. IL 2002) (the amount in controversy is generally "obvious from a common-sense reading of the Complaint.")

2

9.    Here, the Plaintiff alleges that his damages exceed $50,000. See Exhibit "A." In addition, per a letter submitted by Attorney Roger C. Elliott, Plaintiff's counsel, on December 12, 2006, Plaintiff's medical specials to date were approximately $40,000. See Exhibit "G." Mr. Elliott further states, "it is reasonable to expect that his medical specials will be in the $100,000 to $200,000 range. His wage loss claim to date is approximately $30,000." See Exhibit "G." Upon information and belief, Plaintiff's settlement demand is $700,000.

10.    Clearly, Plaintiff alleged that he has suffered permanent problems and/or a serious injury and has lost a fairly substantial amount of future income. Based on Plaintiff's Complaint and the assertions of Plaintiff's counsel, there is a reasonable probability that the amount in controversy as set forth by the Plaintiff's own pleadings that the amount in controversy exceeds $75,000.00.

11.    Plaintiff's counsel will be served with written notice of this Notice of Removal in accordance with the Federal Rules of Civil Procedure or, alternatively, through electronic filing by the Court. A true and accurate copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Cook County, Law Division advising the Circuit Court that the matter has been removed to Federal Court. A true and accurate copy of the Notice of Removal has been filed with the Clerk of the District Court for the United State District Court, Northern District of Illinois, Eastern Division.

WHEREFORE, Defendants, MARK J. WAGNER, MARK BULA and MARK GIERINGER, respectfully requests that this Honorable Court remove this action from the Circuit Court of Cook County to this Court for further proceedings, and further, for any additional relief that this Court deems just.

Respectfully submitted,

HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC

/s/ Shimon B. Kahan
Shimon B. Kahan - ARDC No. 6207172
HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC
Attorney for Defendants
200 W. Adams St., Ste. 500
Chicago, IL 60606-5215
Tel: (312) 332-6644
skahan@hskolaw.com

3