STATE OF ILLINOIS
IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| RICKY BROOMFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 08 L _____ |
| ) | |
| MARK J. WAGNER, MARK BULA ) | |
| and MARK GIERINGER, ) | |
| ) | |
| Defendants. ) | |

**08 C 1102**

**JUDGE DOW**
**MAGISTRATE JUDGE ASHMAN**

## COMPLAINT

### COUNT I

NOW COMES the Plaintiff, RICKY BROOMFIELD, by and through his attorneys, ELLIOTT & McCLURE, P.C., and complaining of the Defendant, MARK J. WAGNER, alleges and states as follows:

1. On January 23, 2006, I-94 (Dan Ryan Expressway) was a public highway running North and South in the City of Chicago, County of Cook and State of Illinois.

2. On January 23, 2006, Plaintiff, RICKY BROOMFIELD, operated, managed, maintained and controlled a motor vehicle in a Southerly direction on I-94 (Dan Ryan Expressway) in the City of Chicago, County of Cook and State of Illinois.

3. On January 23, 2006, Defendant, MARK J. WAGNER, operated, managed, maintained and controlled a motor vehicle in a Southerly direction on I-94 (Dan Ryan Expressway) in the City of Chicago, County of Cook and State of Illinois.

4. On January 23, 2006, Defendant, MARK J. WAGNER, while operating a motor on I-94 (Dan Ryan Expressway) violently struck the rear of the motor vehicle operated by Plaintiff, RICKY BROOMFIELD.

EXHIBIT A

5. On January 23, 2006, Defendant, MARK J. WAGNER, was negligent in one or more of the following respects:

(a) Operated, managed, maintained and controlled a motor vehicle;

(b) Operated a motor vehicle without keeping a proper and sufficient lookout;

(c) Failed to see and observe Plaintiff's motor vehicle when it could and should have been seen and observed;

(d) Failed to decrease the speed of said motor vehicle so as to avoid colliding with Plaintiff's motor vehicle;

(e) Failed to keep the motor vehicle under proper control;

(f) Failed to maintain the brakes on the motor vehicle in proper and safe condition, in violation of 625 ILCS 5/12-301;

(g) Failed to decrease the speed of the motor vehicle as necessary to avoid colliding with any person or vehicle on the road, in violation of 625 ILCS 5/11-601; and

(h) followed Plaintiff's vehicle too closely.

6. It was the duty of the Defendant, MARK J. WAGNER, prior to and at the time of the collision to exercise ordinary care for the safety of persons upon the highway, including the Plaintiff.

7. As a proximate result of one or more of the aforesaid negligent acts and omissions of Defendant, MARK J. WAGNER, Plaintiff, RICKY BROOMFIELD, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, RICKY BROOMFIELD, demands judgment against the Defendant, MARK J. WAGNER, in an amount in excess of Fifty Thousand ($50,000.00) Dollars and costs of this suit.

## COUNT II

NOW COMES the Plaintiff, RICKY BROOMFIELD, by and through his attorneys, ELLIOTT & McCLURE, P.C., and complaining of the Defendants, MARK BULA and MARK GIERINGER, alleges and states as follows:

1. On January 23, 2006, I-94 (Dan Ryan Expressway) was a public highway running North and South in the City of Chicago, County of Cook and State of Illinois.

2. On January 23, 2006, Plaintiff, RICKY BROOMFIELD, operated, managed, maintained and controlled a motor vehicle in a Southerly direction on I-94 (Dan Ryan Expressway) in the City of Chicago, County of Cook and State of Illinois.

3. On January 23, 2006, Defendant, MARK J. WAGNER, operated, managed, maintained and controlled a motor vehicle in a Southerly direction on I-94 (Dan Ryan Expressway) in the City of Chicago, County of Cook and State of Illinois.

4. At the aforesaid time and place, the Defendant, MARK J. WAGNER, was operating said motor vehicle in the capacity of agent, servant and/or employee of the Defendants, MARK BULA and MARK GIERINGER.

5. On January 23, 2006, Defendant, MARK J. WAGNER, while operating a motor on I-94 (Dan Ryan Expressway) violently struck the rear of the motor vehicle operated by Plaintiff, RICKY BROOMFIELD.

6. It was the duty of the Defendants, prior to and at the time of the collision, to exercise ordinary care for the safety of persons upon the highway, including the Plaintiff.

7. The Defendants were then and there guilty of one or more of the following negligent acts and/or omissions:

   (a) Operated, managed, maintained and controlled a motor vehicle;

   (b) Operated a motor vehicle without keeping a proper and sufficient lookout;

   (c) Failed to see and observe Plaintiff's motor vehicle when it could and should have been seen and observed;

   (d) Failed to decrease the speed of said motor vehicle so as to avoid colliding with Plaintiff's motor vehicle;

   (e) Failed to keep the motor vehicle under proper control;

   (f) Failed to maintain the brakes on the motor vehicle in proper and safe condition, in violation of 625 ILCS 5/12-301;

   (g) Failed to decrease the speed of the motor vehicle as necessary to avoid colliding with any person or vehicle on the road, in violation of 625 ILCS 5/11-601; and

   (h) followed Plaintiff's vehicle too closely.

8. As a direct and proximate cause of one or more of the foregoing negligent acts and/or omissions of the Defendants, MARK BULA and MARK GIERINGER, Plaintiff sustained injuries of a personal and pecuniary nature.



WHEREFORE, Plaintiff, RICKY BROOMFIELD, demands judgment against the Defendants, MARK BULA and MARK GIERINGER, and each of them, in an amount in excess of Fifty Thousand ($50,000.00) Dollars and costs of this suit.

                                          RICKY BROOMFIELD,
                                          Plaintiff,

                           by   /s/ Roger C. Elliott
                                ROGER C. ELLIOTT, one of his
                                attorneys

ROGER C. ELLIOTT, Atty. Reg. No. 00731951
ELLIOTT & McCLURE, P.C.
Attorneys for Plaintiff
123 West Washington Street, P.O. Box 710
Momence, Illinois   60954
(815) 472-2634
Atty. Code No. 11202

5