2075 sbk.avs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICKY BROOMFIELD, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2008 C 1102 |
| MARK BULA, MARK GIERINGER, and MARK J. WAGNER, | ) Judge Dow |
| | ) Magistrate Judge Ashman |
| Defendants. | ) |

## JOINT STATUS REPORT

A. The attorney of record for each party, including the attorney(s) expected to try this case:

> Roger C. Elliott
> Attorney for Plaintiff
> Elliott & McClure, P.C.
> 123 W. Washington St.
> P.O. Box 710
> Momence, IL 60954
> Telephone: (815) 472-2634

> Shimon B. Kahan
> Attorney for Defendants
> Haynes, Studnicka, Kahan, O'Neill
>   & Miller, LLC
> 200 W. Adams St., Ste. 500
> Chicago, IL 60606-5215
> Telephone: (312) 332-6644

B. The basis for federal jurisdiction:

Diversity of citizenship and claim in excess of $75,000.

C. The nature of the claims asserted in the complaint and any counterclaim:

Plaintiff asserts a claim for personal injuries, including lost wages and past and future medical expenses.

D. The name of any party who or which has not been served, and any fact or circumstances related to non-service of process on such party.

All parties have been served.

E. The principal legal issues.

Causation; the nature and extent of damages.

F.     The principal factual issues.

Whether the injuries sustained by Plaintiff were causally related to collision of Plaintiff by Defendant on January 23, 2006.

G.     Whether a jury trial has been demanded by any party.

Both Plaintiff and Defendants filed a Jury Demand.

H.     A brief description of any discovery that has been taken and of the discovery anticipated to be required, and suggested dates for discovery deadlines and cutoff. Parties are reminded of their discovery obligations under Fed.R.Civ.P.26 and Local Rule 26.1.

The parties have agreed to exchange mandatory Rule 26(a)(1) disclosures, as well as answer any written interrogatories or production requests that have been tendered, to be answered on or before May 30, 2008. There will be significant amounts of medical records, employment records, and insurance records to be obtained by subpoena. Plaintiff is claiming in excess of $160,000 in medical bills and is making a claim for a six-figure loss in lost wages.

It is anticipated that the parties will take the depositions of Plaintiff's physicians, Michel Malek, M.D. and George DePillips, M.D., as well as the deposition of Dr. Edward J. Goldberg, who performed an independent medical exam for Plaintiff's employer.

Plaintiff, all of the Defendants, the investigating officer, and the occupants of the Plaintiff's vehicle will be subject to deposition.

The parties propose that depositions of the parties as well as any liability fact (non-expert) depositions be completed by June 30, 2008.

It is expected that Defendants will schedule a medical examination consistent with Federal Rule Civil Procedure 35 of the Plaintiff, and that one or more Federal Rule Civil Procedure 26(a)(2) experts will be disclosed by Plaintiffs and/or Defendants.

It is proposed that Plaintiff shall comply with Federal Rule Civil Procedure 26(a)(2) and disclose reports and supporting documentation consistent with same on or before September 30, 2008. Depositions of said witnesses shall proceed by October 31, 2008.

Defendants shall comply with Federal Rule Civil Procedure 26(a)(2) and disclose said reports by December 31, 2008. Depositions of said witnesses shall proceed by January 31, 2009.

I.     If reasonably ascertainable at this early state of the case, the earliest date the parties would be ready for trial and the estimated length of trial.

Estimate length of trial: 5 days

Assuming that the parties are able to complete all discovery prior to January 31, 2009. It is anticipated that Plaintiff can provide a draft of the final pre-trial order to Defendants by February 28, 2009; Defendants shall reply by March 31, 2009; the parties shall submit a final pre-trial order for review before Judge Dow prior April 15, 2009. A final pre-trial conference can be set on or about April 30, 2009. The matter shall be ready for trial on or after May 1, 2009. It is estimated that trial, including jury selection and opening statements, will take four to five days, assuming all motions in limine and disputed legal issues have been resolved as part of the final pre-trial order and in advance of the trial date.

J.     Whether the parties consent unanimously to proceed before a Magistrate judge.

At this time, counsel for Plaintiff and Defendants have advised their clients of the issue and an answer is still forthcoming. If both consent, a consent form will be filed.

K.     The status of any settlement discussions:

Plaintiff's attorney and insurance representative of Defendant's liability carrier have discussed settlement, in person, after suit was filed, as recently as March 2008, but have been unable to agree upon a settlement acceptable to both parties at this time. The parties are significantly apart.

L.     Whether the parties request a settlement conference.

The parties will request a settlement conference before presiding Magistrate or the District Court Judge, or through a private mediator, after written and oral fact discovery has been completed, and before expert discovery and costs associated with same, if the parties believe that the matter is ripe for resolution.

_____
Roger C. Elliott
Attorney for Plaintiff

_____
Shimon B. Kahan
Attorney for Defendant

4