2075 sbk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICKY BROOMFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2008 C 1102 |
| | ) | |
| MARK BULA, MARK GIERINGER, and | ) | Judge Dow |
| MARK J. WAGNER, | ) | |
| | ) | Magistrate Judge Ashman |
| Defendants. | ) | |

## MOTION FOR A QUALIFIED PROTECTIVE ORDER
## PURSUANT TO HIPAA

NOW COMES Defendants, MARK BULA, MARK GIERINGER, and MARK J. WAGNER, by and through its attorneys, HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC, pursuant to 42 U.S.C. §1320d and 45 CFR Parts 160 and 164 (HIPPA) and requests that this Court enter a qualified protective order stating as follows:

1. Plaintiff has filed a case alleging negligence by JEWEL FOOD STORES, INC. Plaintiff claims certain medical injuries resulted from this alleged negligence.

2. The Defendants, treating physicians, hospitals, and other health care providers disclosed by Plaintiff in this case, are all "covered entities" as defined by 45 CFR 160.103. HIPAA prohibits covered entities from disclosing protected health information in judicial proceedings other than by authorization or qualified protective order. 45 CFR § 164.512(e).

3. These covered entities are all in possession of "protected health information" ("PHI") as defined by 45 CFR 160.103 and 160.501, in the form of medical records (imaging, test results, insurance documents, notes, orders, labs, correspondence, pathology, etc.) pertaining to RICKY BROOMFIELD.

4.  Both the prosecution and defense of this case will require that the parties, their attorneys, their attorneys' agents, consultants and various witnesses and other personnel receive and review copies of the PHI pertaining to RICKY BROOMFIELD, which is in the treating providers' possession.

WHEREFORE, Defendants, MARK BULA, MARK GIERINGER, and MARK J. WAGNER, respectfully requests that this Court enter the proposed order permitting the use and disclosure of PHI created or received by any covered entity who has provided health care to RICKY BROOMFIELD for any purpose connected with the pending litigation.

Respectfully Submitted,

HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC

/s/ Shimon B. Kahan
Shimon B. Kahan - ARDC No. 6207172
Haynes, Studnicka, Kahan, O'Neill & Miller, LLC
Attorney for Defendants
200 W. Adams St., Ste. 500
Chicago, IL 60606-5215
Tel: (312) 332-6644
skahan@hskolaw.com

# HIPAA Privacy Authorization
## For Disclosure of Protected Health Information
### Relevant To Litigation or Pending Claims

Patient's Name: _____

Address: _____ Date of Birth: _____

1. I make this Authorization for the purpose of copying records in connection with a lawsuit or claim to which I am a party.

2. This authorization is directed to and applies to protected health information maintained by:

(Hospital, Physician, Medical provider, etc.) _____

_____

_____

_____

_____

3. I hereby authorize the above, its director, administrative and clinical staff or assignees, medical information services and billing departments to release any and all medical records and information from my date of birth to the present unless specified otherwise, relating to my care and treatment including x-rays, photographs, electronic and digital files and any other records, unless I expressly direct or specify otherwise. I understand that medical information may include records, if any, relating to treatment for alcohol and drug abuse protected under the regulations in 42 C.F.R. Part 2; psychiatric/psychological services and social work records and any information regarding communicable diseases and infections, tuberculosis, venereal diseases, sexually transmitted diseases, acquire immunodeficiency syndrome (AIDS), human immunodeficiency virus (HIV) or ARC.

4. This information is to be released for copying purposes to:
_____ or
their agent, _____**RECORD COPY SERVICES**_____.

5. I understand that information used or disclosed pursuant to this authorization may be disclosed by the recipient and may no longer be protected by the Federal Privacy Rules.

6. This authorization shall be in force and in effect until the conclusion of the pending litigation or claim unless otherwise specified.

7. I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and send it to the hospital, doctor or other custodian of medical information. I understand that the revocation will not apply to information that has already been released in response to this authorization.

8. I understand that authorizing the release of this health information is voluntary and that I need not sign this form in order to ensure health care treatment, eligibility for benefits, payment or health plan enrollment.

9. A copy of this authorization is as valid as the original.

## All Pertinent Sections Of This Form Must Be Completed Before Signing

_____      X_____
        Date                            Signature of Patient or Legal Representative

_____     _____
Description of Legal Representative's Authority or Relationship     Print Name of Patient or Legal Representative

C314 Rev516