2075 sbk.avs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICKY BROOMFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2008 C 1102 |
| | ) | |
| MARK BULA, MARK GIERINGER, and | ) | Judge Robert M. Dow, Jr. |
| MARK J. WAGNER, | ) | |
| | ) | Magistrate Judge Ashman |
| Defendants. | ) | |

**<u>DEFENDANTS' MOTION FOR EXTENSION OF TIME
TO COMPLETE FACT NON-EXPERT DISCOVERY</u>**

Now comes Defendants, MARK BULA, MARK GIERINGER, and MARK J. WAGNER, by and through its attorneys, HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC, moves that this Court extend time for completing fact non-expert discovery. In support of this Motion, Defendants state following:

1. The parties have engaged in non-expert discovery over the past several months. Plaintiff had extensive pre-accident as well as post-accident medical treatment. Copies of several thousands of documents have already been obtained pursuant to subpoena from various healthcare providers, his employer, and new records have been subpoenaed from providers that were set forth within records produced recently by Metra, Plaintiff's employer. Defendants had been diligent in attempting to obtain all pre-and post-accident medical records to investigate Plaintiff's claim of injury, and have diligently issued subpoenas to new providers that have been disclosed as they have become available. There are many different providers from the past. The parties are doing their best to ascertain all various providers, and to permit Defendants to obtain copies of same.

2. In addition to the Plaintiff, Plaintiff's former supervisor has been deposed.

3. A deposition of the Plaintiff's co-employee Dennis Webster, has not been completed. Defendants have attempted to subpoena Mr. Webster, and has most recently re-subpoenaed him for deposition to proceed on August 26, 2008.

4. In addition, Defendants are attempting to take the depositions of the paramedics that responded to the accident, including paramedics Martinez and Peck. Mr. Martinez has been re-subpoenaed for his deposition for August 26, 2008. He had previously been subpoenaed through the fire department, but they indicated that he was no longer with them and they could not produce him.

5. In addition, paramedic Peck was initially subpoenaed through the fire department. However, he also is no longer with the fire department, apparently on disability at the current time. Defendants have then subpoenaed the fire department for last known information on Mr. Peck and Mr. Martinez, which the fire department promptly disclosed. Mr. Peck recently called Defendants' firm regarding the subpoena. Defendants' counsel Shimon B. Kahan explained to Mr. Peck that he would not and could not disclose any treatment with Mr. Peck as provided to Plaintiff, if any, pursuant to the Petrillo doctrine, however, and that we needed to proceed at a deposition. In terms of scheduling, we would work with Mr. Peck. Mr. Peck indicated that he was not available prior to September 15, 2008, both because he is currently undergoing his own physical therapy for an injury and because he had planned to be out-of-town for two weeks. A new date for paramedic Peck's deposition is being scheduled for some time after September 15, 2008, but Mr. Peck has not specifically agreed to appear. He has only agreed that we can provide him notice and he would advise us whether he is available.

6. Certainly, the parties do not want to be in a position to force Mr. Peck to appear against his will; however, if the Court's assistance is necessary to compel the deposition, it will be requested so discovery proceeds.

7. At this point, Defendants request the following. First, that fact discovery is extended until November 30, 2008. Also, that the matter be reset for status on that date to see if non-expert discovery is complete.

8. Defendants have also issued a subpoena for the deposition of Plaintiff's treating surgeon Dr. Michael Malek, set for August 27, 2008, but there is reason to believe it will difficult to schedule the deposition and the Court's assistance may be necessary as well. Regardless, it is expected that the deposition will be completed, with or without the assistance of Dr. Malek in scheduling, prior to November 30, 2008. Also, because all pre-and post-accident records of the Plaintiff have not yet been obtained, it is not clear whether any additional depositions of treating physicians will be necessary prior to expert discovery.

9. The parties are not attempting to delay resolution of this matter, however, there is an inordinate amount of Plaintiff's pre and post-accident treatment that is the subject of discovery.

WHEREFORE, Defendants, MARK BULA, MARK GIERINGER, and MARK J. WAGNER, pray that this Court enter an order extending fact discovery until November 30, 2008; that the Court set this matter for status on November 30, 2008 or date soon thereafter regarding completion of fact discovery and status; also, to determine whether Plaintiff has reached maximum medical improvement. Also, that the prior disclosure deadlines set for Federal Rule Civil Procedure 26(a)(2) be stricken, and for any other relief that the Court deems reasonable and appropriate under the circumstances.

Respectfully submitted,

HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC


/s/ Shimon B. Kahan
Shimon B. Kahan - ARDC No. 6207172
Attorney for Defendants
HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC
200 W. Adams St., Ste. 500
Chicago, IL 60606-5215
Tel: (312) 332-6644
Fax: (312) 332-6655
E-mail: skahan@hskolaw.com